UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| QUAN LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-2302 (ABJ) |
| | ) | |
| CHENG ZHONG ZHENG, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On August 1, 2019, *pro se* plaintiff Quan Liu filed a complaint against Cheng Zhong Zheng. Compl. [Dkt. # 1]. The complaint was one page, written in Chinese, and attached to it was a New York state summons. *Id.* at 1–3. On October 16, 2019, the Court ordered plaintiff to file an amended complaint in English, the working language of the Court. Min. Order (Oct. 16, 2019). On October 29, plaintiff filed a document stating that defendant had borrowed $20,000 from him in 2003, and defendant had not returned the money to plaintiff until now. Suppl. Submission [Dkt. # 3] at 3. On November 7, the Court ordered plaintiff to show cause why the Court has subject matter jurisdiction over the action by December 2, 2019. Order [Dkt. # 4]. As of December 13, 2019, plaintiff has not responded.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v.*

*FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. §§ 1331 and 1332. "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citations omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's complaint fails to allege facts to support either diversity of citizenship jurisdiction or federal question jurisdiction.

While plaintiff has set forth complete diversity – plaintiff resides in New Jersey and defendant resides in New York, *see* Suppl. Submission at 1, 3 – the complaint does not present a claim that exceeds the required jurisdictional amount, which is $75,000. Currently, the complaint presents a claim valued at $20,000, plus interest. Suppl. Submission at 3. Thus, plaintiff has not alleged facts to establish the existence of diversity jurisdiction.

Furthermore, plaintiff does not assert any claims arising under the laws of the United States or the Constitution. His submissions to the Court merely state that a few individuals borrowed money from him and they have not returned it. Suppl. Submission at 3.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: December 13, 2019